# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| KAREN SHOCK, | * | |
| | * | No. 15-1328V |
| Petitioner, | * | Special Master Christian J. Moran |
| | * | |
| v. | * | Filed: March 29, 2017 |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' fees and costs. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * *

<u>Diana L. Stadelnikas</u>, Maglio Christopher and Toale, PA, Sarasota, FL, for Petitioner;
<u>Sarah C. Duncan</u>, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION ON FEES AND COSTS[1]

After receiving compensation through the Vaccine Program, Karen Shock filed a motion for attorneys' fees and costs. Ms. Shock is awarded **$14,136.72**.

\* \* \*

On November 15, 2015, Karen Shock filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §300aa-10 through 34, alleging that the measles-mumps-rubella vaccine caused her to develop hearing loss and tinnitus. The undersigned issued a decision awarding compensation to Ms. Shock based on the parties' stipulation. <u>Decision</u>, 2016 WL 7442714 (Nov. 29, 2016).

Because Ms. Shock received compensation, she is entitled to an award of attorneys' fees and costs. 42 U.S.C. § 300aa-15(e).

---

[1] The E-Government Act, 44 § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.

\*   \*   \*

Ms. Shock seeks a total of $14,136.72 ($13,184.60 in attorneys' fees and $952.12 in costs) for her counsel.  For hourly rates, petitioner's counsel, Ms. Stadelnikas, proposed a rate of $300 per hour in 2015 and $359 per hour in 2016.  The Secretary did not directly challenge the proposed rates.  These rates are reasonable and have previously been awarded.  See Perez v. Sec'y of Health & Human Servs., No. 10-659V, 2016 WL 8077957 (Fed. Cl. Spec. Mstr. Dec. 30, 2016), Dezern v. Sec'y of Health & Human Servs., No. 13-643V, 2016 WL 6678496, at \*4 (Fed. Cl. Oct. 14, 2016)(awarding forum rates to the law firm location at which Ms. Stadelnikas works).

The Secretary also did not directly challenge any of the requested hours as unreasonable.  In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See Shea v. Sec'y of Health & Human Servs., No. 13-737V, 2015 WL 9594109, at \*2 (Fed. Cl. Spec. Mstr. Dec. 10, 2015) ("special masters are not obligated to evaluate an attorney's billing records on a line-by-line basis in making the reasonableness determination . . . and certainly need not do so when Respondent has not attempted to highlight any specific alleged inefficiencies").  All aspects of the application for attorneys' fees appear reasonable.

In addition to seeking an award for attorneys' fees, Ms. Shock seeks compensation for costs expended.  The costs are relatively routine, such as medical record retrieval, mailings, and photocopies.  All these costs are reasonable, documented, and awarded in full.

\*   \*   \*

The Vaccine Act permits an award of reasonable attorneys' fees and costs. §15(e). After reviewing the request, the Court GRANTS petitioner's motion for attorneys' fees and costs.

This shall be paid as follows:

**A lump sum of $14,136.72, in the form of a check made payable to petitioner and petitioner's attorney, Diana L. Stadelnikas, of Maglio Christopher and Toale, PA, for attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED**.

S/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.